lml

FREDERICK C. STEBBINS,            )
                                  )
            Plaintiff,            )
                                  )
vs.                               )
                                  )      Case No. 10-4046-JAR
UNITED STATES,                    )
                                  )
            Defendant.            )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Frederick C. Stebbins, proceeding *pro se*, brings this action against the United

States, alleging his civil rights were violated when, on April 22, 2010, he was ordered to leave

the Federal Building in Topeka, Kansas. This matter is before the Court on defendant's Motion

to Dismiss (Doc. 3) brought pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6). For the reasons

explained below, the Court grants defendant's motion to dismiss.

## I.      Plaintiff's Complaint

Plaintiff came to the Federal Building in Topeka, Kansas on April 22, 2010, to attend a

sentencing hearing that "he was interested in." According to plaintiff, the '[g]uards were very

impilite (sic)," he was ordered to "leave [the] courthouse," and as he was about to board a fourth

floor elevator, the guard "pushed [him] in the back." Plaintiff does not name the individual or

individuals who were impolite or who pushed him, other than to describe the guard as "a Native

American or of Mexican descent."

In the caption, the Complaint names the "United States Government" as defendant. The

Complaint goes on to describe the defendants as "unknown," "[a]nybody else that was there,"

and "[a]ll persons involved." Plaintiff alleges without elaboration that his First Amendment

rights were violated and that the guard hurt his back. He is seeking to have the unnamed guard

charged with assault, medical expenses and punitive damages.

Defendant submits an affidavit executed by Richard Heffron, the Supervisory Deputy

United States Marshal for the District of Kansas, who states that the United States Marshals

Service ("USMS") is responsible for the security and protection of federal courts and uses

surveillance cameras to monitor activity inside and outside the Federal Building in Topeka,

Kansas.[1] Heffron attests that he reviewed the surveillance videos recorded on April 22, 2010,

which show plaintiff's activities in the Federal Building that day, and burned a CDROM that has

been attached as an exhibit to defendant's motion.[2] The individuals plaintiff encountered that

day were a Court Security Officer and a Deputy United States Marshal in the hall outside a

courtroom and the fourth floor elevator.[3] Defendant also submits an affidavit executed by

Gerald M. Auerbach, General Counsel for the USMS, which states that to date, plaintiff has not

filed a claim with the USMS seeking damages in a sum certain for any injuries related to the

incident forming the basis of his Complaint.[4]

---

[1](Doc. 4, Ex. 2.)

[2]*Id*., Exs. 1, 2.

[3]*Id*. Ex. 1.

[4]*Id*. Ex. 3.

## II. Discussion

Plaintiff did not file a response to defendant's Motion to Dismiss and the time to do so has expired.[5]  Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of plaintiff's failure to respond, the Court grants defendant's motion.

Furthermore, the Court grants defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff fails to establish jurisdiction over defendant or its employees.  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) generally takes one of two forms: either a facial challenge or a factual challenge.[6]  A party making a facial challenge attacks the allegations in the complaint regarding subject matter jurisdiction.[7]  In evaluating a facial challenge, the court must treat the allegations in the complaint as true.[8]  Alternatively, in a factual challenge a party may "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based."[9]  Here, defendant makes a factual attack by offering exhibits in support of its motion.  In addressing a factual challenge, the court

---

[5]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

[6]*Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).

[7]*Id.*

[8]*Id.*

[9]*Id.*

does not presume the truthfulness of the factual allegations made in the complaint and has "'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'"[10] In a factual attack under Rule 12(b)(1), the court's reference to evidence outside the pleadings does not convert the motion into a motion for summary judgment,[11] unless the jurisdictional question is intertwined with the merits of the case because subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.[12] Because defendant makes a factual challenge that is not intertwined with the merits of plaintiff's case, the Court will evaluate the motion by resolving disputed jurisdictional facts, but will not convert the motion to one for summary judgment.

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[13] Mere allegations of jurisdiction is not enough.[14] Because the plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[10]*Id*. (quoting *Holt*, 46 F.3d at 1003).

[11]*Id*. at 1224.

[12]*Holt*, 46 F.3d at 1003).

[13]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[14]*Id.* at 798.

[15]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[16]*Id.*

The United States, as sovereign, may only be sued to the extent it consents to be sued.[17] Under the Federal Torts Claim Act ("FTCA"),[18] the United States has provided a limited waiver of its sovereign immunity for "claims for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[19]  This waiver is conditioned, however, on the claimant filing a timely claim in writing, with the appropriate Federal agency, within two years after the claim accrues.[20]  If a litigant does not satisfy this requirement, the district court must dismiss for lack of subject matter jurisdiction.[21]

Plaintiff has not filed an administrative claim with the USMS, nor does the Complaint allege that a claim was filed with any other Federal agency, and therefore, he has not satisfied this condition precedent to the filing of an action under the FTCA.  Consequently, plaintiff's action does not satisfy the jurisdictional requirements of the FTCA and is barred by the doctrine of sovereign immunity.[22]

Moreover, plaintiff's Complaint fails to assert a claim against individual employees of the United States for alleged violations of his First Amendment rights.  Although a plaintiff is

---

[17]*United States v. Dalm*, 494 U.S. 596, 608 (1990).

[18]28 U.S.C. §§ 1346(b), 2671-80.

[19]28 U.S.C. § 1346(b)(1).

[20]28 U.S.C. § 2401(b).

[21]*Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (citation omitted).

[22]*In re Franklin Svgs. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004).

permitted to sue unnamed individuals and serve them after their identity is known,[23] a plaintiff is required to include in his complaint reasonably detailed information concerning the identity of the intended targets of his lawsuit.[24] Plaintiff's description of the defendants is insufficient because, in a *Bivens* action, a plaintiff must establish personal participation on the part of each named defendant.[25] A plaintiff is required to do more than merely allege that his rights were violated; he must indicate how each defendant violated his rights by providing factual allegations that are sufficiently specific to enable defendants to form answers to his complaint.[26] There are no specific allegations in plaintiff's Complaint that the defendants acted with discriminatory purpose.[27] Rule 12(b)(6) also requires a complaint to contain more than vague conclusory allegations; to survive a *Bivens* claim, the complaint must contain allegations that a valid constitutional claim is not merely conceivable, but plausible.[28] In this case, plaintiff's allegation that a "[g]uard violated [his] rights to freedom of speech," by asking him to leave the courthouse does not suffice to state a claim because conclusory allegations are not entitled to an assumption of truth.[29] The allegation that guards violated plaintiff's rights is nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim that does not warrant an

---

[23]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

[24]*Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (collecting cases).

[25]*Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1940, 1948 (2009).

[26]*Skinner v. United States Bureau of Prisons*, 283 F. App'x 598, 599 (10th Cir. 2008).

[27]*Iqbal*, 129 S. Ct. at 1948-49.

[28]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[29]*Iqbal*, 129 S. Ct. At 1951; *Twombly*, 550 U.S. at 555.

assumption of truth.[30]  Accordingly, defendant's motion to dismiss is granted.[31]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the United States' Motion

to Dismiss (Doc. 3) is GRANTED, and plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: <u>September 3, 2010</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[30]*Id*.

[31]Because the Court has determined that it lacks subject matter jurisdiction over plaintiff's FTCA claim and that he has failed to sufficiently state a *Bivens* claim, it does not reach defendant's alternative grounds for dismissal under Rule 12(b)(2) and based on qualified immunity.