lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FREDERICK C. STEBBINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-4046-JAR |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Frederick C. Stebbins, proceeding *pro se*, brought an action against the United States, alleging his civil rights were violated when, on April 22, 2010, he was ordered to leave the Federal Building in Topeka, Kansas. On September 3, 2010, the Court granted defendant United States' Motion to Dismiss (Doc. 9). This matter is before the Court on plaintiff's Motion to Reopen Case (Doc. 12). For the reasons explained below, the Court denies plaintiff's motion.

Because plaintiff's motion was filed within fourteen days of entry of the judgment in this case, the Court liberally construes his motion as one brought under Fed. R. Civ. P. 59(e) to alter or amend the judgment.[1] Such a motion may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to

---

[1] *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (construing motion filed within ten days of dispositive order as a motion to alter or amend judgment under rule 59(e)).

[2] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3] Plaintiff's motion falls far short of this standard.

Defendants' motion was granted as unopposed pursuant to D. Kan. R. 7.4. Plaintiff contends that he responded to defendant's Motion to Dismiss "as required in 30 days," but that it was lost or ignored by the Clerk's office.[4] Notably, plaintiff claims to still have a copy of his response, but does not submit it along with his motion, as the Clerk's office would "find a way to lose it again."[5]

Plaintiff also claims that the United States Marshal Service ("USMS") did not respond to letters of inquiry he sent about this case, and requests that the Court reopen the case and require the USMS to answer.[6] As the Court noted in its Order dismissing the case, to the extent plaintiff asserts a tort claim against the USMS under the Federal Tort Claims Act, he must file a timely claim in writing, with the appropriate Federal agency within two years after the claim accrues.[7] Because plaintiff has not filed such a claim, the Court dismissed this case for lack of subject matter jurisdiction. Plaintiff indicates in his motion that he has made contact with the ACLU, and the Court trusts that organization will lend plaintiff the proper guidance and support, should he decide to continue with an action against defendant. Moreover, plaintiff continues to fail to

---

[3]*Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4](Doc. 12.) A response to a dispositive motion is required to be filed within twenty-one days. D. Kan. R. 6.1(d)(2). Defendant's Motion to Dismiss (Doc. 3) was filed August 6, 2010, and plaintiff's response was due August 27, 2010.

[5]*Id.*

[6]*Id.*

[7]28 U.S.C. § 2401(b).

articulate a plausible claim that defendant violated his First Amendment rights. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Reopen (Doc. 12) is DENIED.

**IT IS SO ORDERED.**

**Dated: September 22, 2010**

 **S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**